# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

Timothy W. Gibson,       )
      )
      Plaintiff,     )
      )
     v.       )     Civil Action No.: 5:17-cv-01333-JMC
      )
Sheriff Lee Foster,       )     **ORDER**
Sgt. Richardson, and     )
Newberry County Detention Center,   )
      )
      Defendants.   )
_____)

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 25), filed on August 7, 2017, recommending that the court dismiss Plaintiff's Complaint without prejudice as to Defendant Newberry County Detention Center ("NCDC") and Defendant Lee Foster ("Foster") for failure to state a plausible claim under 42 U.S.C. § 1983.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report. (ECF No. 25 at 7.) However, neither party filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199

(4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law.  Plaintiff has failed to state a plausible claim for relief pursuant to 42 U.S.C. § 1983 as against NCDC and Foster.  Only "persons" may act under the color of state law; therefore, a defendant in a § 1983 action must qualify as a person.  *See* 42 U.S.C. § 1983; *see also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978) (defining "persons" to include individuals, and corporate and political bodies).  Because NCDC is a complex of inanimate buildings, and not a "person" as defined by the law, dismissal is appropriate.  In addition, Plaintiff fails to allege any wrongdoing by Foster, thus pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint should be dismissed as to Foster.  "In the absence of allegations of personal wrongdoing or of sufficient knowledge of the wrongdoing of others, the Complaint should be [dismissed] insofar as it makes [ ] Foster a party."  (ECF No. 25 at 6.)  For

these reasons, the court **ACCEPTS** the Report (ECF No. 25), and **DISMISSES** Plaintiff's

Complaint (ECF No. 1) as to NCDC and Foster.

      **IT IS SO ORDERED.**


*J. Michelle Childs*

      United States District Judge

February 1, 2018
Columbia, South Carolina